WILLIAM R. LONG, Admr.

*v.*

WILLIAM P. LONG.

*Filed at Ottawa January 21, 1890.*

1. ADVANCEMENTS—*res judicata—in respect to the fact whether there was an advancement.* An administrator's final report set forth that one of the heirs had received his share of the estate by way of advancement, which was denied, and an exception taken to the report. The exception was sustained, and an order made on the administrator to pay such heir's share, from which order the administrator appealed to the circuit court. Pending the appeal, certain other of the heirs filed their bill in chancery against the administrator and such heir, alleging the advancement to him, and praying to enjoin the heir from prosecuting his claim and the administrator from paying it. On a hearing, the bill was dismissed on the merits: *Held,* that the decree in the chancery suit settled all controversy as to such heir having received an advancement in full of his share of the estate, adversely to the contention of the administrator.

2. SAME—*advancements to other heirs—acquiescence on their part.* And further, where the administrator's final report shows that he has settled with all the heirs except one grandson of the intestate, upon the basis of their having received various sums of the intestate, in his lifetime, as advancements, and that all the heirs except this grandson had recognized the fact that the intestate had made advancements, and an exception of the grandson is sustained, the court finding there was no advancement as to him, he will be entitled to his distributive share in the whole estate, and the administrator can not be heard to deny the advancement to the other heirs.

3. SAME—*advancement—evidenced in writing—waiver.* Heirs or descendants of an intestate who may in fact have received advancements from him in his lifetime, may waive their right to have the same evidenced by some writing. By failing to except to the administrator's report showing their receipt of advancements, though not evidenced in writing, and settling on that basis with the administrator, the heirs will be estopped from afterwards denying that they received advancements.

4. Where the question is whether a gift or grant shall be deemed an advancement, parol evidence is incompetent to prove the intention with which it was made and received. But on a contest between the administrator and one of the heirs as to the right of the latter to share in the distribution of the estate, such heir may show, by parol, that

some of the heirs had received advancements, partial or in full, when that fact is shown by the administrator's report, and is not disputed.

5. WITNESS—*competency—heir against administrator.* On the hearing of exceptions to an administrator's final report, the heir disputing its correctness was allowed to testify as to who were the parties to a bill in chancery filed by other heirs against the administrator and the witness to establish the fact of an advancement.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lee county; the Hon. WILLIAM BROWN, Judge, presiding.

William Long died intestate July 4, 1877, leaving William R. Long, John Long, Alexander Long, Elizabeth Coleman, Catherine McBurney and Margaret Chandler, his children, William Jennings, John Jennings, Amanda Fisher and William P. Long, his grandchildren, heirs-at-law. No widow survived him. The grandson, William P. Long, is the son of a deceased son, James Long. Amanda Fisher, William Jennings and John Jennings are the children of a deceased daughter, Julia Ann Jennings.

The appellant was duly appointed administrator. On the 17th of November, 1879, he filed in the county court of said Lee county, and again on the 13th of September, 1880, an amended final report, duly sworn to, in which he states, among other things, that the intestate had, in his lifetime, paid to certain of his heirs large sums of money, which he intended to be considered as advancements from his estate; that the amounts of such advancements received by said heirs were, to William R. Long, his share of said estate in full; to Alexander Long, $1000, and that he (the administrator) had paid him from said estate the further sum of $5401.18; that John Long had received his share of said estate in full; that Elizabeth Coleman had received about $350, and that he had paid her the sum of $6001.18, in full of her share of said estate; that Catherine McBurney had received her share in full, except the sum of $50, which he had paid her; that Margaret

Chandler had received her share in full, except the sum of $200, which he had paid her; that William P. Long had received his entire share, and executed to the said William Long, in his lifetime, an acknowledgment thereof; that Julia Ann Jennings had received as an advancement about the sum of $1100; that said Amanda Fisher, by agreement with the heirs of said deceased, had received a certain residence as a portion of her share in said estate, at a valuation of $800, and that he had paid her $1017.52, which she accepted in full payment of her interest in said estate; that he has paid to William Jennings, father and guardian of William Jennings and John Jennings, $3635.04, in full of their share in said estate. In the amended report it is stated that said William P. Long had received his share of said estate in full, by a conveyance of certain real estate from his said grandfather, setting out particularly the facts and circumstances under which the alleged advancement was made, and averring that the same was sufficiently expressed in writing by certain deeds of conveyance therein set forth. He also states in the said amended report, "that the advancements made to all the other heirs of William Long were not in writing, but the whole matter was so well understood between themselves that they have been willing to stand to and abide by the well known wish and desire of said William Long, deceased;" that he has settled with all of the heirs of the estate of William Long, and received full receipts from them, except the said William P. Long.

To this final report William P. Long filed exceptions, and, among other objections, alleged that the statement therein that he had received his share of said estate in full, is false, averring that he had received no advancement from his said grandfather whatever. The estate to be distributed was found to be $20,960.00. On a hearing, the said exceptions were sustained by said county court, and the administrator was ordered to pay to said William P. Long the sum of $5240.

From that order the administrator appealed to the circuit court of said Lee county. None of the other heirs of the deceased filed objections or exceptions to said administrator's report, but while said appeal was pending in the circuit court, Alexander Long, Elizabeth Coleman, Catherine McBurney, William Jennings and John Jennings filed their bill in chancery in the circuit court of Lee county, against said William P. Long, and the administrator, William R. Long, and obtained an injunction restraining said administrator from paying said order, and said William P. Long from further prosecuting his said exceptions. On a hearing, that bill was dismissed and the injunction dissolved, and the decree was affirmed by the Appellate Court for the Second District, and re-affirmed here. (118 Ill. 638.) Thereupon the case pending in the circuit court on appeal from the order of the county court was tried, and the judgment of the county court sustained. From this last judgment the administrator prosecuted an appeal to the Appellate Court for the Second District, and now brings the case to this court by further appeal.

Messrs. W. & W. D. BARGE, and Messrs. W. E. IVES & SON, for the appellant:

Since the advancement must be made in the lifetime of the intestate, the acknowledgment in writing must also be made in his lifetime. *Long* v. *Long*, 118 Ill. 638; *Pigg* v. *Carroll*, 89 id. 205; *Bigelow* v. *Poole*, 10 Gray, 104; *In re Ashley*, 4 Pick. 21; *Weatherhead* v. *Field*, 26 Vt. 665; *Bigelow* v. *Rice*, 22 Pick. 508; *Sherwood* v. *Smith*, 23 Conn. 516.

After escaping the effect of advancements because not in writing, appellee is not in a position to invoke against his co-heirs a rule not enforced against himself. Receipts were given on the basis that all should be charged with the sums received by them.

These receipts are not contracts, and may be explained or contradicted by parol evidence, and shown to have been given

under a mistake, either in law or in fact. *White* v. *Merrell,*. 32 Ill. 511; *Russell* v. *Church,* 65 Pa. St. 9; *Moore* v. *Commonwealth,* 8 Barr, 260; *Gore* v. *Cline,* 1 Harris, 60.

Where a mistake has been made in the settlement of an estate, it will be corrected, and the power of a court of probate is sufficient for the correcting of the mistake, and to relieve the administrator from the effects of it. *Brandon* v. *Brown,*. 106 Ill. 519; *Seller's Appeal,* 86 Conn. 186.

In the two cases last cited, an administrator was held not estopped, by his report, from showing a mistaken distribution of the estate.

The court erred in admitting parol evidence to show that some of the heirs had received their shares, or a part of them,. in advancement. Rev. Stat. chap. 39, sec. 7; *Long* v. *Long,*. 118 Ill. 638.

By the recent decisions of this court, appellee was not a competent witness in his own behalf, and the court erred in admitting his testimony. *Way* v. *Harriman,* 126 Ill. 132; *Treleaven* v. *Dixon,* 119 id. 548; *Crane* v. *Crane,* 81 id. 165; *Warrick* v. *Hull,* 102 id. 280; Rev. Stat. chap. 51.

By reading their depositions, appellee made William R. Long and Alexander Long his witnesses, and the court erred in allowing him to contradict theirs by reading from the depositions of W. P. Long and Margaret Long. The same is true of Elizabeth Coleman.

Mr. JOHN D. CRABTREE, for the appellee:

That appellee is entitled to his distributive share, is settled by the suit in chancery. *Long* v. *Long,* 118 Ill. 638.

Releases of an heir's expectancy have been frequently sustained. *Bishop* v. *Davenport,* 58 Ill. 110; *Galbraith* v. *Mc-Lain,* 84 id. 379.

The advancements were not proved by parol, but facts were shown to estop appellant from denying the fact of advancements.

All the heirs were competent witnesses. *Long* v. *Long*, 19 Bradw. 383; *Pigg* v. *Carroll*, 89 Ill. 205; *Mueller* v. *Rebhan*, 94 id. 142; *Kershaw* v. *Kershaw*, 102 id. 307.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

The chancery proceeding settled all controversy as to appellee having received an advancement in full of his share of said estate, but appellant still contends that he is, at most, entitled to but one-eighth of said estate, whereas the judgments of the county and circuit courts give him one-fourth thereof. This contention is based upon the theory, that notwithstanding a part of the heirs of deceased may have in fact received from him the several sums reported by the administrator as advancements, yet, there being no charge in writing by said deceased, or acknowledgment in writing by said heirs, the same can not be deemed to have been made in advancement—relying on section 7, chapter 39, of the Revised Statutes. We think the administrator's report itself is a full answer to this position, wherein it is shown, that although said advancements were not in writing, each of said heirs had been *willing to stand to and abide by the well known wish and desire of said deceased, and that he, the administrator, had settled with each of them upon the basis of their having received the said sums as advancements.* We do not understand that heirs, or descendants of an intestate, who may in fact have received advancements from their ancestor, can not waive their right to have the same evidenced by writing,—and this, on the proof made in this record, the heirs of William Long not excepting to said administrator's report have clearly done. There is no issue, here, between these heirs and the administrator, and if there was, no such mistake of law or fact has been shown in this case as would authorize a court to relieve these parties against the effect of their voluntary settlement with the administrator, as set forth in his report.

Appellant makes the point that the circuit court erred in admitting parol evidence to show that some of the heirs had received their shares, or a part of them, in advancement. The particular evidence subject to this objection is not pointed out. While it is true that where the question in issue is whether a gift or grant shall be deemed an advancement, parol evidence is incompetent to prove the intention with which it was made and received, yet, as between these parties, the evidence offered was competent, in connection with the final report of the administrator.

It is also objected that the court below improperly allowed appellee to testify in his own behalf. He seems to have testified to nothing except as to who were parties to the chancery proceeding referred to. We see no objection to his competency for that purpose.

We find no substantial error in this record, and are convinced that, on the showing made by the administrator in his final report, the county court was fully justified in making the order it did. The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*